## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | | |
|---|---|---|
| **DONALD PHILLIP SMITH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 5:09-01001** |
| | ) | |
| **JOBARD SHAW,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

On September14, 2009, Plaintiff, acting *pro se* and incarcerated at FCI Beckley, filed his letter-form Complaint requesting the initiation of criminal proceedings against a fellow inmate.[1] (Document No. 1.) Specifically, Plaintiff states as follows (Id., p. 1.):

> On September 7, 2009, Jobard "Boo" Shaw, Fed. Id. # 07376-088, called me a "rat" and said that I was on a Rule 35 and repeatedly added that he was going to kill me. Inmate Shaw threatened me and endangered my life in the presence of dozens of witnesses. Inmate Shaw clearly violated 18 U.S.C. § 119 of the Federal Criminal Law Rules and Procedure (making publicly "Restricted Personal Information" about a "Covered Individual," with the intent to threaten, intimidate, or incite a crime of violence against). I want a warrant placed on Jobard Shaw for his actions against me. I am a government witness and I am now at risk for what was told about me in front of other prisoners. Wherefore, I pray the Court to treat this verified document as an Affidavit in support of the issuance of an order of arrest for Jobard "Boo" Shaw, # 07376-088, for the crime and violation of the afore mentioned federal statute.

### THE STANDARD

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. <u>Denton v. Hernandez</u>, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." <u>Id.</u>, 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." <u>Id.</u>, 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint therefore fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

## <u>ANALYSIS</u>

Plaintiff requests that the Court initiate criminal proceedings against the Defendant. It is well established, however, that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." <u>Linda R.S. v. Richard D.</u>, 410 U.S. 614, 619, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973). The violation of a federal criminal statute does not provide for a private cause of action. <u>United States v. Oguaju</u>, 76 F.Appx. 579, 581 (6th Cir. 2003)(finding that the District Court properly dismissed defendant's claim filed pursuant to 18 U.S.C. §§ 241 and 242 because he had no private right of action under either of those criminal statutes); <u>Hester v. West Virginia</u>, 2008 WL 4298471, * 6 (S.D.W.Va.)(stating that "no private right of action can be inferred from 18 U.S.C. §§ 241, 242"); and <u>Powell v. Kopman</u>, 511 F.Supp. 700, 704 (S.D.N.Y. 1981)(stating that 18 U.S.C. § 242, which is the criminal analogue to the Civil Rights Act, does not create a private right of action). Thus, Plaintiff has no right to initiate criminal proceedings against Defendant. <u>See</u> <u>Stoll v. Martin</u>, 2006 WL 2024387,

* 2 (N.D. Fla.)(stating that "Plaintiff's complaint fails to state a claim upon which relief can be granted under the criminal statutes 18 U.S.C. §§ 241 and 242, because a private citizen cannot initiate a federal criminal prosecution and because these statutes do not provide a private right of action for damages"); Young v. Herald, 2005 WL 1048117, * 8 (E.D.Ky.)(stating that the authority to initiate criminal complaints rests exclusively with state and federal prosecutors); Kennedy v. Anderson, 373 F.Supp. 1345, 1346 (E.D.Okl. 1974)(stating that any charge brought under 18 U.S.C. § 242 "may only be initiated by a federal grand jury or a United States Attorney"); and Dixon v. State of Maryland, 261 F. Supp. 746 (D.Md. 1966)(Prisoner could not institute criminal proceedings against a State or its officers for violation of his rights under the color of law). Furthermore, the Court does not have the authority to direct that an individual be prosecuted. See United States v. Batchelder, 442 U.S. 114, 124, 99 S.Ct. 2198, 2204, 60 L.Ed.2d 755 (1979)(stating that the decision whether to prosecute and what charges to file rest in the prosecutor's discretion); Inmates of Attica Correctional Facility v. Rockefeller, 447 F.2d 375 (2nd Cir. 1973)(finding that the authority to investigate and initiate criminal complaints rest exclusively with the United States Attorney). Based on the foregoing, the undersigned finds that Plaintiff's request that criminal proceedings be initiated against Defendant should be denied.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Plaintiff's letter-form Complaint (Document No. 1.) and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and

72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: April 25, 2012.

R. Clarke VanDervort
United States Magistrate Judge